IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SUSAN LYNN SCHURKAMP,

                Plaintiff,


                vs.                      Case No. 11-2308-JTM


TODD MICHAEL ELMQUIST, *et al.*,
                Defendants.


MEMORANDUM AND ORDER


      This matter is before the court on the Notice of Removal filed by *pro se* petitioner Susan Lynn Schurkamp. Schurkamp seeks a review of the injuries she allegedly sustained as result of the state court divorce petition filed by her husband, Todd Michael Elmquist, including the apparent temporary award of custody of a minor child to Elmquist.

      Schurkamp presents her claim as "a removal from state court under 28 U.S.C. § 1446." (Dkt. 1, at 1). She also repeatedly invokes jurisdiction under admiralty law. (*Id.* at 1-2, 4). During the course of her Notice of Removal, she states that her cause of action arises under 42 U.S.C. § 1983, cites alleged misstatements by Elmquist in his Petition for Divorce, and asks for damages in the amount of "$1,000,000.00 or any figure that may exceed that amount that this court deems proper." (*Id.* at 7, 8). She also seeks injunctive relief directing the return of the minor child. Plaintiff notes that she moved to dismiss Elmquist's Petition, but the state court denied her motion. (*Id.* at 10).

      Section 1446 governs the *procedure* for removal of a state court claim. The *right* to remove

actions is governed by 28 U.S.C. § 1441 and § 1443. Section 1441 is inapplicable here. Section 1441 authorizes removal of "[o]nly state-court actions that originally could have been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (removal valid "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). In making this determination, the district court looks solely to the face of the plaintiff's complaint, not any subsequent pleading or the notice for removal. *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1380 (10th Cir.1978), *cert. denied*, 441 U.S. 952 (1979). The Petition for Divorce filed by Elmquist in Johnson County District Court, attached as "Exhibit A" to Schurkamp's Notice of Removal, is a standard domestic relations action, which does not present the slightest hint of any federal civil rights claims.

Section 1443, the only alternative basis for removal jurisdiction, provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1)     Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2)     For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Section 1446 is not intended to address ordinary civil rights actions which may be addressed through state court. Rights of "general application available to all persons or citizens" fall outside the scope of § 1446. *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). *See also Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975) ("[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice"). Thus, parties seeking

removal of a claim under § 1443 must show both that "the right allegedly denied the petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality," and that "the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson*, 421 U.S. at 219.

Precedent requires the remand of the present action. In *In re Marriage of King v. Ziegler*, 2004 WL 3037968 (D. Kan. Dec. 16, 2004), the court held that it had no jurisdiction to address the action presented by a *pro se* spouse, who sought to remove a Kansas state court divorce petition, while also advancing a civil rights action and adding various state court officers as additional defendants. The court held that the action would be remanded, and further ordered the party removing the action to pay $200 "for attorney's fees and costs expended in defending this frivolous removal litigation. *Id*. at *2. The Tenth Circuit explicitly concluded: "We agree with the district court that King has failed to satisfy the requirements for removal under section 1443." *King v. Ziegler*, 138 Fed.Appx. 60, 62 (2005). Noting that the award of attorney fees under 28 U.S.C. § 1147(c) is authorized for cases removed in the absence of subject matter jurisdiction even in the absence of any bad faith, the Tenth Circuit also upheld the award of attorney fees as within the discretion of the trial court. *Id.* Other courts have also specifically held that removal under § 1443 is not appropriate for claims that the application of state divorce laws have violated a party's civil rights. *See Lawson v. Garcia-Lawson*, 398 Fed.Appx. 572 (11th Cir. 2010).

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Because the court had no jurisdiction to hear the matter, immediate and sua sponte dismissal is appropriate under § 1447(c).

IT IS ACCORDINGLY ORDERED this 6th day of June, 2011, that the present action is hereby remanded to the Kansas District Court of Johnson, County, Kansas.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE